UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-CV-23992-JAL

JORGE PORTER and CARMENZA PUERTA,

    Plaintiffs,

vs.

LOANDEPOT.COM, LLC and FEDERAL
HOME LOAN MORTGAGE CORPORATION,

    Defendants.
_____/

## DEFENDANT'S, FEDERAL HOME LOAN MORTGAGE CORPORATION, MOTION TO DISMISS AMENDED COMPLAINT

Defendant, Federal Home Loan Mortgage Corporation ("FHLMC"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1),(6), as well as Local Rule 7.1, hereby moves to dismiss Plaintiffs' Amended Complaint [DE 41], and as grounds, states as follows:

## INTRODUCTION

Plaintiffs filed an Amended Complaint against Defendants, loanDepot.com, LLC ("loanDepot") and FHLMC, wherein they allege one count titled "Truth In Lending Act Rescission." Plaintiffs amended their complaint to include FHLMC as a party in this action. The Amended Complaint alleges that loanDepot failed to provide Plaintiffs with the Truth in Lending Disclosure Statements and that Mr. Porter's signature was forged on the credit agreements. Plaintiffs' Amended Complaint, however, is a "shotgun pleading" in that it fails to properly delineate the claims for relief and fails to allege any cause of action against FHLMC. The Amended Complaint includes only one paragraph alleging that FHLMC holds and owns the subject note and mortgage by assignment, but is devoid of any allegations of wrongdoing by FHLMC. Even if

Plaintiffs adequately alleged a claim against FHLMC, which they did not, Plaintiffs' claim is barred by TILA's one-year statute of limitations, and therefore, must be dismissed with prejudice.

## FACTUAL ALLEGATIONS

According to the facts alleged in the Amended Complaint and the attached exhibits, Plaintiffs seek declaratory relief rescinding the mortgage, statutory damages, actual damages, and attorney's fees as provided under 15 U.S.C. § 1640(a). *See* Dkt. 41 (Am. Comp.). On July 26, 2017, Plaintiffs were scheduled to close on a consumer credit transaction payable to loanDepot. *See id.* (Am. Comp. at ¶7). On July 26, 2017, Plaintiffs completed the closing and signed loan documents, but claim that they do not recall what documents were signed. *See id.* (Am. Comp. at ¶8). Despite the allegations that he failed to sign the credit agreement, Mr. Porter purportedly mailed a notice of rescission to loanDepot on October 3, 2017. *See id.* (Am. Comp. at ¶30). Then on July 22, 2020, Plaintiffs sent a new notice of rescission to loanDepot and PHH Mortgage Services. *See id.* (Am. Comp. at ¶31). Plaintiffs originally filed this action in state court on September 21, 2021, over a year after the alleged violation occurred.

## MEMORANDUM OF LAW

**A.     Motion to Dismiss Standard**

A plaintiff is obligated to provide the "grounds" of his "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A plaintiff's complaint will be dismissed if it does not contain

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Id*. *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail … to indicate that the plaintiff has a substantial case." *Id*. In determining "plausibility" the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950 ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). The court must decide whether the factual allegations in the specific context of the case, if assumed to be true, allege a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id*. at 1949. Based upon the *Twombly/Iqbal* standard, this Court must dismiss Plaintiffs' Amended Complaint.

**B.   Plaintiffs fail to state a claim upon which relief can be granted against FHLMC**

The Amended Complaint fails to state a claim against FHLMC and only references FHLMC in one paragraph alleging that it holds and owns the subject note and mortgage. It does not allege any wrongful conduct by FHLMC. The Amended Complaint is a shotgun pleading that fails to give FHLMC adequate notice of the claim against it. The Amended Complaint fails to

separate each claim for relief and asserts multiple claims against multiple defendants without specifying which of the defendants are responsible.

A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a "shotgun pleading." *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001). Shotgun pleadings are inconsistent with the requirement of Federal Rule of Civil Procedure 8(a) that a pleading be a "short and plain statement of the claim." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Furthermore, this type of pleading disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Plaintiffs' Amended Complaint is a quintessential shotgun pleading that runs afoul of Federal Rules of Civil Procedure 8(a) and 10(b). The Amended Complaint fails to allege separate counts for each type of relief sought. The First Cause of Action is titled a "Truth in Lending Act Rescission," but seeks not only rescission, but statutory damages, injunctive relief, actual damages, and attorney's fees. There is also a section in the Amended Complaint titled "Tender," which does not specify under which statute or cause of action Plaintiffs seek tender of the loan. As such, the pleading fails to comport with Rule 10(b)'s requirement that discrete claims should be plead in separate counts.

Further, the Amended Complaint seeks an order enjoining the "defendant" during the pendency of this action from instituting, prosecuting, or maintaining foreclosure proceedings. Aside from failing to properly delineate against which party the relief is sought, the Court has no authority to provide injunctive relief under a TILA cause of action. *See, e.g., Christ v. Beneficial Management Corp. of America*, Nos. 06-14828 and 07-10246, 547 F.3d 1292, 2008 U.S. App. LEXIS 22421, at *11-12 (11th Cir. Oct. 28, 2008) ("[W]e do not read TILA to confer upon private

litigants an implied right to an injunction . . . ."). As such, the Amended Complaint must be dismissed with prejudice.

### C. This Court Lacks Jurisdiction Over This Action As Plaintiffs' Action Was Not Brought Within One Year Of The Date Of The Alleged Violation

Plaintiffs' TILA claims are time-barred and the Court must dismiss the action with prejudice. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 846 (11th Cir. 2004) (recognizing that dismissal on statute of limitations grounds is appropriate if it is apparent from the complaint that it is time-barred). Assuming that Plaintiffs properly noticed their request for rescission, the one-year limitation period for filing suit for violations of 15 U.S.C. §1635(b) expires one year and twenty days after Plaintiffs give notice of a request for rescission. *See Frazile v. EMC Mortgage Corp.*, 382 F. App'x 833, 839 (11th Cir. 2010); *see also Bernstein v. Wells Fargo Bank, N.A.*, No. 15-2520, 2016 U.S. Dist. LEXIS 121081, 2016 WL 4546653, *4-5 (N.D. Ga. May 13, 2016).

District Courts in the Eleventh Circuit have held that the one-year limitations period still applies to rescission enforcement claims. *See, e.g., Cook v. Am. Home Mortg. Corp.*, No. 16-cv-81733-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 58209, 2017 WL 1386347, at *3 (S.D. Fla. April 17, 2017); *Bazemore v. United States Bank, N.A.*, 167 F. Supp. 3d 1346 (N.D. Ga. 2016). The Southern District of Florida has closely analyzed the statute of limitations applicable to claims for rescission and damages under TILA and held that it establishes a window of "one year from the date of the occurrence of the violation" for a potential plaintiff to bring suit. *Cook*, 2017 U.S. Dist. LEXIS 58209, 2017 WL 1386347 at *3. In *Cook*, the court held that the mortgage transaction occurred on October 3, 2006, and the borrower mailed a notice of rescission to the creditor on October 2, 2009, within the three-year period for providing notice of the claimed rescission. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 190 L. Ed. 2d 650 (2015). Then, seven years later in 2016, the borrower filed a lawsuit based on the claimed rescission and contended

that the statute of limitations did not bar the claim because he mailed the notice of rescission within the initial three-year period. The court rejected the borrower's argument, finding it contrary to the strict statute of limitations built into TILA. The court in *Cook* found that since Plaintiff mailed a notice of rescission on October 2, 2009, Defendants' violation arguably occurred as late as October 23, 2009—the day the 20-day window for a lender to respond to a rescission notice closed. *See* 15 U.S.C. § 1635(b). As such, the Plaintiff needed to file a complaint by October 23, 2010 to satisfy TILA's statute of limitations. *Cook*, 2017 U.S. Dist. LEXIS 58209, 2017 WL 1386347 at *3.

The same outcome is required here. The mortgage transaction at issue occurred on July 26, 2017. The borrowers then mailed two separate notices of rescission to loanDepot. Mr. Porter purportedly mailed a notice of rescission to loanDepot on October 3, 2017. *See* Dkt. 41. (Am. Comp. Ex. 4). Then on July 22, 2020, Plaintiffs sent a new notice of rescission to loanDepot and PHH Mortgage Services. *See id.* (Am. Comp. at Ex. 4). The Notice of Rescission mailed on July 22, 2020, means that the 20-day window for loanDepot to respond would have been August 11, 2020. Accordingly, Plaintiffs would have been permitted to file their TILA claim up until August 11, 2021. 15 U.S.C. § 1640(e). In this case, Plaintiffs did not file their action in state court until September 21, 2021, well over a month after the statute of limitations had run. Accordingly, Plaintiffs' TILA claim is barred by the statute of limitations and must be dismissed with prejudice.

## **CONCLUSION**

Plaintiffs' Amended Complaint is an improper shotgun pleading and must be dismissed for failure to state a claim for relief. Additionally, Plaintiffs' claims under TILA are time-barred and must be dismissed with prejudice.

WHEREFORE, Defendant, Federal Home Loan Mortgage Corporation, respectfully requests this Court grant its Motion To Dismiss, with prejudice, and for such other relief as the Court deems just and proper.

Case No. 2022 CA 000221

HINSHAW & CULBERTSON LLP

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
Miguel A. Gonzalez
Florida Bar No. 58689
Primary: bfernandez@hinshawlaw.com
mgonzalez@hinshawlaw.com
Secondary: dconnolly@hinshawlaw.com
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Federal Home Loan Mortgage Corporation*

Case No. 2022 CA 000221

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2022, the foregoing was filed via CM/ECF and an electronic copy was served upon all counsel of record, including the following:

Robert G. Gindel, Jr., Esq.
Robert C. Gindel, Jr., P.A.
1500 Gateway Boulevard
Suite 220
Boynton Beach, Fl  33426
Tel:  461-649-2344
Fax:  561-965-8550
Eservice:  robertgindel@robertgindel.com
Attorney for Plaintiff

Brendan I. Herbert, Esq.
Henry H. Bolz, IV, Esq.
Polsinelli PC
1111 Brickell Avenue – Suite 2800
Miami, FL  33131
Tel:  305-921-1800
        954-598-4930
Fax: 305-921-1801
Email:  Brendan.herbert@lockelord.com;
hbolz@polsinelli.com
Attorneys for loanDepot LLC

Aaron Alan Wagner, Esq.
Polsinelli PC
1000 Second Avenue
Suite 3500
Seattle, WA  98104
Tel:  206-393-5400
Email:  aawagner@polsinelli.com
Attorneys for loanDepot LLC

Nelson Camilo Bellido, Esq.
Roig Lawyers
44 W. Flagler Street
2nd Floor
Miami, FL  33130
Tel:  305-405-0997
Email:  nbellido@roiglawyers.com

HINSHAW & CULBERTSON LLP

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
Miguel A. Gonzalez
Florida Bar No. 58689
Primary: bfernandez@hinshawlaw.com
mgonzalez@hinshawlaw.com
Secondary: dconnolly@hinshawlaw.com
2525 Ponce de Leon Blvd.
Fourth Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Attorneys for Federal Home Loan Mortgage Corporation*